IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Marcella Benson, et al.,** | Case No. 1:21cv2194 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| **Human Resource Dept., State of Ohio, et al.,** | MEMORANDUM OPINION AND ORDER |
| **Defendants.** | |

*Pro se* plaintiffs Marcella Benson and Curtis Teague filed a civil rights complaint in this matter, presumably under 42 U.S.C. § 1983, against the "Human Resource Department, State of Ohio," the Cuyahoga County Police Department, and the Cleveland Police Department (Doc. No. 1). Plaintiffs request monetary damages, Mr. Teague's immediate release from prison, the expungement of Mr. Teague's criminal record, and "all parties … to lose their state retirement, pensions, and [to be] imprisoned … if still alive." (*Id.* at 6)

For the following reasons, this action is dismissed.

**I. Background**

Plaintiffs' complaint alleges a violation of Mr. Teague's civil rights in connection with his arrest and conviction in the Cuyahoga County Court of Common Pleas in 2006. The complaint claims that Mr. Teague, Ms. Benson's son, was "falsely jailed without any physical evidence"; the Cleveland Police presented "false truths to the prosecutors"; Mr. Teague was not read his Miranda rights; and there was "no attorney present to invoke the Fifth Amendment." (*Id.* at 5)

Ms. Benson filed an application to proceed *in forma pauperis* (Doc. No. 2) and a motion for appointment of counsel (Doc. No. 3). And Defendants Cuyahoga County Police Department

and Cleveland Police Department filed motions to dismiss pursuant Fed. R. Civ. P. 12(b)(1) and (6), alleging lack of subject matter jurisdiction and the failure to state a claim (Doc. Nos. 7 and 9).

## II. Standard of Review

To survive a Fed. R. Civ. P.12(b)(6) motion to dismiss, a plaintiff's complaint must allege enough facts to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Fed. R. Civ. P. 8(a)(2) requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A complaint requires "further factual enhancement," that "state[s] a claim to relief that is plausible on its face." *Id.* at 557, 570. A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. *Twombly*, 550 U.S. at 564.

When a party files a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P.12(b)(1) in conjunction with other Rule 12 motions, however, the Court generally considers the Rule 12(b)(1) motion first. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction[.]"). "It is the plaintiff's

burden . . . to prove that this court has jurisdiction over [the plaintiff's] claim." *Kiser v. Reitz*, 765 F.3d 601, 607 (6th Cir. 2014).

In considering the pending motions, the Court is mindful that *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). This lenient treatment, however, has limits. The Court is not required to conjure unpleaded facts or construct claims on a plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. Law and Analysis

A party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). A *pro se* litigant, however, may not represent anyone other than himself or herself. *See e.g. Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir.1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but [he] cannot be represented by a nonlawyer"); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.1997) ("While a non-attorney may appear *pro se* on his own behalf, he has no authority to appear as an attorney for others than himself*"); see also Jackson v. Kment*, No. 13 CV 10819, 2016 U.S. Dist. LEXIS 33684, * 20 (E.D. Mich. Mar. 16, 2016) (finding Plaintiff lacks standing to seek injunctive relief on behalf of "his friends and family members"). And an adult litigant who wishes to proceed *pro se* must personally sign the complaint or petition to invoke the Court's jurisdiction. *Steelman v. Thomas*, 848 F.2d 194 (6th Cir. 1988);

*Banks v. Valaluka*, No. 1:15 CV 1935, 2015 U.S. Dist. LEXIS 156558, * 23 (N.D. Ohio Nov. 18, 2015) (citing 28 U.S.C. § 1654).

Upon review, the Court finds that Mr. Teague did not physically sign the complaint. The Court is therefore without jurisdiction to hear Mr. Teague's claims. To the extent that Ms. Benson seeks to represent her son's interests, there is no indication from the complaint that Ms. Benson is an attorney licensed to practice law. Ms. Benson therefore lacks standing to represent Mr. Teague's interests.

Moreover, Ms. Benson cannot bring these claims on her own behalf because she is not the injured party. The party bringing the suit has the burden to establish standing to prosecute the action. The question of standing is essentially "whether the litigant is entitled to have the Court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). To establish standing, the plaintiff must show that the conduct of which she complains has caused her to personally suffer an "injury in fact" that a favorable judgment will redress. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-562, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). She must also show that she is not asserting claims based on a violation of another person's legal rights and interests but instead is relying on an injury to her own legal interests. *Allen v. Wright*, 468 U.S. 737, 751, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984); *Warth*, 422 U.S. at 499; *Allstate Insurance Co. v. Wayne County*, 760 F.2d 689, 693 (6th Cir. 1985). And a Section 1983 cause of action is "'entirely personal to the direct victim of the alleged constitutional tort.'" *Barber v. Overton*, 496 F.3d 449, 457 (6th Cir. 2007) (quoting *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000)); *see also Jaco v. Bloechle*, 739 F.2d 239, 242 (6th Cir. 1984).

Here, the allegations concern the alleged violation of Mr. Teague's constitutional rights in connection with his arrest and conviction. Ms. Benson does not allege that her constitutional rights were violated. She therefore lacks standing to pursue this action, and the Court lacks subject matter jurisdiction over Ms. Benson's purported claims.

### IV. Conclusion

Accordingly, Defendants' motions to dismiss (Doc. Nos. 7 and 9) are granted pursuant to Fed. R. Civ. P. 12(b)(1). Any claims against the State of Ohio, its "Human Resource Department," or any other purported defendant are likewise dismissed for the reasons stated above.[1] Additionally, Ms. Benson's application to proceed *in forma pauperis* (Doc. No. 2) is granted and her motion for appointment of counsel (Doc. No.3) is denied. This action is hereby dismissed.

**IT IS SO ORDERED.**

Date: March 3, 2022

    s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

---

[1] Although the caption of the complaint includes the "Human Resource Department, State of Ohio," the Cuyahoga County Police Department, and the Cleveland Police Department, Plaintiffs identify the following as "parties to this complaint": Prosecuting Attorney William D. Mason, Pinkey Carr, and "Detectives, Arresting Officers, etc." (*See* Doc. No. at 3)